**IN THE COURT OF APPEALS OF IOWA**

No. 20-1401
Filed December 16, 2020

**IN THE INTEREST OF N.M. and S.M.,**
**Minor Children,**

**K.M., Father,**
        Appellant.
_____


        Appeal from the Iowa District Court for Webster County, Joseph L. Tofilon,

District Associate Judge.


        A father appeals the termination of his parental rights to his two children.

**AFFIRMED.**


        Douglas Cook of Cook Law Firm, Jewell, for appellant father.

        Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

        Gregory H. Stoebe, Humboldt, attorney and guardian ad litem for minor

children.


        Considered by Bower, C.J., Schumacher, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2020).

**SCOTT, Senior Judge.**

The children, born in born in 2007 and 2010, came to the attention of the Iowa Department of Human Services (DHS) in May 2019 upon the mother's inadequate care for the children and methamphetamine use. The parents were no longer together, having separated in 2015. The children had already been voluntarily placed in the care of their maternal grandparents since October 2018, and the children have not lived with the father on a full-time basis since 2015. The father was advised of DHS involvement, and he reported he had recently relapsed on methamphetamine. The father was initially resistant to participating in services. The State filed a child-in-need-of-assistance (CINA) petition in July 2019, after which the father entered a contract of expectations calling for, among other things, his maintenance of sobriety and participation in substance-abuse and mental-health treatment. In August, the court adjudicated the children CINA and ordered their formal removal from parental custody.

This thirty-five-year-old father has a long history of alcohol and substance abuse, dating back roughly twenty years. In his testimony at the termination hearing, he testified his drug of choice was methamphetamine and acknowledged he relapsed multiple times since the children's formal removal—in October, November, and December 2019; and February, March, April, July, September, and October 2020—and some of those relapses progressed to periods of continuous use, despite the father's various participation in substance-abuse treatment. At the time of the termination hearing in mid-October, the father testified he was eight to ten days sober. He testified the root of his substance abuse are his mental-health issues, which he has not meaningfully addressed through mental-health

treatment. The father had also been unemployed since late July, and his visits with the children continued to be fully supervised due to his substance abuse.

At the termination hearing, the father requested additional time to work toward reunification. Three separate service providers testified to their opinion the children could not be returned to the father's care within six months because of his ongoing substance abuse. The children have been in the care of their maternal grandparents, where they wish to remain, since October 2018, and the grandparents intend to adopt the children.

Ultimately, the juvenile court denied the father's request for additional time to work toward reunification and terminated his parental rights pursuant to Iowa Code section 232.116(1)(e) and (f) (2020). The father appeals.[1] He challenges the sufficiency of evidence supporting the statutory grounds for termination, claims termination is contrary to the children's best interests, and requests an additional six months to work toward reunification.

Appellate review of orders terminating parental rights is de novo. *In re L.T.*, 924 N.W.2d 521, 526 (Iowa 2019). Our primary consideration is the best interests of the children, *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006), the defining elements of which are the children's safety and need for a permanent home. *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011).

While the father purports to challenge the sufficiency of the evidence supporting the statutory grounds for termination, he does not specifically target any of the elements of the grounds for termination. In any event we find the evidence

---

[1] The children's mother's parental rights were terminated pursuant to her consent. She does not appeal.

clear and convincing that the children are four years of age or older, have been adjudicated CINA, have been removed from parental custody for the last twelve months with no trial periods at home, and could not be returned to the father's care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f); *In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting the statutory language "at the present time" to mean "at the time of the termination hearing"). We affirm termination under Iowa Code section 232.116(1)(f). *See D.W.*, 791 N.W.2d at 707 ("[W]e may affirm the juvenile court's termination order on any ground that we find supported by clear and convincing evidence.").

We turn to the children's best interests. In determining whether termination is in the best interests of a child, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The father has simply not progressed to a point at which his children can be returned to his care. The father continued to relapse on methamphetamine throughout the proceedings. While the father testified to his plan to get his substance abuse in check, he inappropriately waited until the eve of termination to begin taking any fruitful steps to address his substance-abuse issues, which is too late. *See In re C.B.*, 611 N.W.2d 489, 495 (Iowa 2000). While the father did variously participate in substance-abuse treatment, he continued to relapse. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will . . . be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 39

(Iowa 2010)). We conclude the father has been given ample time to get his affairs in order and these children's best interests are best served by providing permanency and stability now. *See id.* at 778 ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together." (quoting *In re C.K.*, 558 N.W.2d 170, 175 (Iowa 1997))).

On appeal, the father echoes his request for additional time to work toward reunification. If, following a termination hearing, the court does not terminate parental rights but finds there is clear and convincing evidence that the child is a child in need of assistance, the court may enter an order in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). Section 232.104(2)(b) affords the juvenile court the option to continue placement of a child for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." The juvenile court was unable to conclude the need for removal would no longer exist at the end of an extension. Upon our de novo review, neither can we. Given the father's long history of substance abuse and demonstrated cycle of relapse during these proceedings, we conclude an extension of time is unwarranted, and we affirm the termination of the father's parental rights.

**AFFIRMED.**